648 A.2d 741

CARRIE ANN CHURM, PLAINTIFF–RESPONDENT, v. PRU-
DENTIAL PROPERTY AND CASUALTY INSURANCE
COMPANY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 20, 1994—Decided October 26, 1994.

Before Judges MICHELS, STERN and KEEFE.

*Berlin, Kaplan, Dembling & Burke,* attorneys for appellant (*John Burke,* on the brief).

*William J. Vosper, Jr.,* attorney for respondent (*Neil A. DeCostanza,* on the brief).

The opinion of the court was delivered by

KEEFE, J.A.D.

On leave granted, Prudential Property and Casualty Co. (Prudential) appeals from an interlocutory order of the Law Division denying Prudential's motion to dismiss plaintiff's case, while granting, instead, plaintiff's application for a trial *de novo* pursuant to *R.* 4:21A–6. The issue to be decided on appeal is whether plaintiff, Carrie Churm, having submitted a claim for personal injury protection (PIP) benefits against her insurer, Prudential, to "binding arbitration," pursuant to *N.J.S.A.* 39:6A–5(c), may thereafter obtain a trial *de novo* pursuant to *N.J.S.A.* 39:6A–31 and *R.*

4:21A–6.[1]  We hold that she cannot and reverse the judgment under review.

Plaintiff was involved in an automobile accident on March 22, 1989.  Medical bills were submitted to Prudential for payment under the PIP provisions of the Prudential policy.  Apparently, bills submitted in connection with her initial treatment were paid, but when she submitted medical bills in connection with subsequent treatment in connection with an injury to her jaw, Prudential refused payment.  Plaintiff then instituted what is commonly referred to as a PIP suit against Prudential in the Law Division.  After issue was joined, plaintiff successfully moved before the Law Division for an order staying the Law Division action pending the outcome of an arbitration proceeding concerning the same issue, initiated by plaintiff and then pending with the American Arbitration Association.  Shortly thereafter, the matter proceeded to arbitration, resulting in an award denying plaintiff's claim in its entirety.

Within thirty days of the issuance of the award, plaintiff filed a notice of rejection of the arbitration award and requested a trial *de novo*, claiming her entitlement to such a trial under *N.J.S.A.* 39:6A–31a.  Prudential moved for a dismissal of plaintiff's complaint.  It claimed that the arbitration for PIP benefits was conducted in accordance with the provisions of *N.J.S.A.* 39:6A–5(c) and was binding on the parties.  It also contended that the provisions of *N.J.S.A.* 39:6A–30 were inapplicable to arbitrations concerning PIP benefits.  On March 14, 1994, a Law Division judge entered an order denying Prudential's motion for dismissal and granted plaintiff's application for a trial *de novo*.[2]

---

[1] The provisions of *N.J.S.A.* 39:6A–24 to –35 were implemented by court rule. *R.* 4:21A–1 to –8.

[2] We assume that there was no oral argument on the motion, and no statement of reasons entered on the record, since the parties have not provided us with a transcript or letter opinion.

Prudential's refusal to pay the medical expense claim submitted by plaintiff was clearly a dispute concerning plaintiff's entitlement to PIP benefits under the New Jersey Automobile Reparation Reform Act (No Fault Act). *N.J.S.A.* 39:6A–1 to –18. Between 1972, when the No Fault Act was passed, and 1983, disputes between claimants and insurance companies for PIP benefits were resolved only through litigation. In 1983, however, the Legislature amended *N.J.S.A.* 39:6A–5(c) to read in pertinent part as follows:

> All automobile insurers shall provide any claimant with the option of submitting a dispute under this section to binding arbitration. Arbitration proceedings shall be administered and subject to procedures established by the American Arbitration Association.
>
> [*L.* 1983, c. 362, § 8, eff. Oct. 4, 1983].

Thus, "binding arbitration" became an option available to an insured in lieu of litigation where the dispute was for PIP benefits.

In the same year, but in a totally separate legislative enactment, the Legislature passed "An Act Providing For The Arbitration Of Certain Automobile Accident Claims In Certain Cases" (Auto Arbitration Act). *N.J.S.A.* 39:6A–24 to –35. (*L.* 1983, c. 358, § 1 to § 12.) The purpose of the Auto Arbitration Act was stated clearly in the first section of the statute:

> The purpose and intent of this Act is to establish an informal system of settling *tort* claims arising out of automobile accidents in an expeditious and least costly manner, and to ease the burden and congestion of the State's courts.
>
> [*N.J.S.A.* 39:6A–24 (emphasis added).]

Arbitration under the Auto Arbitration Act was mandatory for certain cases defined in *N.J.S.A.* 39:6A–25(a). However, though arbitration was mandatory, the results were non-binding, because either party was permitted to file for a trial *de novo* within thirty days of the arbitration decision. *N.J.S.A.* 39:6A–31.

Contrary to plaintiff's argument on appeal, there is simply no relationship between the two statutes. A first party claim by a claimant against an insurance company for PIP benefits under the No Fault Act may proceed by litigation in the Law Division. *Olivero by Olivero v. New Jersey Mfrs. Ins. Co.,* 199 *N.J.Super.* 191, 488 *A.*2d 1071 (App.Div.1985), *certif. denied,* 115 *N.J.* 76, 556

*A.*2d 1219 (1989). However, where the claimant elects the "option" of arbitration instead of litigation concerning such disputes, the arbitration is "binding." *N.J.S.A.* 39:6A–5(c). Generally speaking, where an arbitration is binding, a party's recourse is circumscribed by the provisions of *N.J.S.A.* 2A:24–1 to –11. *Tretina Printing, Inc. v. Fitzpatrick & Associates, Inc.*, 135 *N.J.* 349, 640 *A.*2d 788 (1994).

Plaintiff maintains that she is entitled to the trial *de novo* provisions of the Auto Arbitration Act, *N.J.S.A.* 39:6A–31, because her claim is for "uncompensated economic loss" as contemplated by *N.J.S.A.* 39:6A–25(a) of the act. We reject plaintiff's argument for two reasons: First, both *N.J.S.A.* 39:6A–24 and *R.* 4:21A–1(a)(1) make it clear that the arbitration contemplated by the statute and rules concern tort "claims" or "actions" which are third party claims against tortfeasors, not first party actions against insurance companies. Second, the phrase "uncompensated economic loss" was utilized by the Legislature in the context of claims against tortfeasors, rather than claims against insurance companies. For example, the collateral source rule, contained in the No Fault Act, provides an exception to the inadmissibility of "amounts collectable or paid ... to an injured person, ..." in a suit against a third party tortfeasor.

Nothing in this section shall be construed to limit the right of recovery against the tortfeasor, of *uncompensated economic loss* sustained by the injured party.

[*N.J.S.A.* 39:6A–12 (emphasis added).]

The same phrase was used when the Legislature addressed "tort claims" in the Auto Arbitration Act, *N.J.S.A.* 39:6A–24; *N.J.S.A.* 39:6A–25(a). Thus, "uncompensated economic loss" is not a term of art applicable to PIP claims against insurers.

The judgment under review is reversed.